**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rene ARIAS–ROBLES, Defendant–
Appellant.**

No. 11–50434.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 2013.

Filed Feb. 22, 2013.

Bruce R. Castetter, Assistant U.S., Matthew John Gardner, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Benjamin P. Lechman, Esquire, Lechman & Lechman, San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

MEMORANDUM *

Rene Arias–Robles appeals his sentence for illegal reentry after deportation, 8 U.S.C. § 1326. He contends that the district court erred by imposing a 16–level increase under the sentencing guidelines for a prior conviction that was obtained in violation of his Sixth Amendment right to counsel under *Padilla v. Kentucky,* 559

---

* This disposition is not appropriate for publication and is not precedent except as provided

U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), and by imposing a sentence that was substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Arias–Robles cannot challenge his prior conviction in this proceeding because he was represented by counsel at the time. *Custis v. United States,* 511 U.S. 485, 496, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); *see also United States v. Oseguera–Madrigal,* 700 F.3d 1196, 1199 n. 4 (9th Cir.2012). Moreover, the record does not support Arias–Robles's contention that his former counsel failed to advise him before he pled guilty in the Texas case that deportation was a certain—as opposed to possible—consequence of that plea.

The district court did not err in enhancing Arias–Robles's sentence based on the Texas conviction. At the time of Arias–Robles's sentencing in this case, the Texas conviction was final. *See Clay v. United States,* 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). His postconviction motion to vacate his sentence under 28 U.S.C. § 2255 is considered a collateral proceeding. *See id.* at 524–25, 123 S.Ct. 1072.

The district court did not abuse its discretion by imposing a sentence at the low end of the guidelines range. *See United States v. Vasquez–Cruz,* 692 F.3d 1001, 1009 (9th Cir.2012).

**AFFIRMED.**